UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| AJB INVESTMENTS, LLC | CASE NO: 07-50718 |
| DEBTOR | HON. JOSEPH M. SCOTT, JR. |
| _____ | |
| AJB INVESTMENTS, LLC | PLAINTIFFS |
| VS. | ADV. NO. _____ |
| AFC ENTERPRISES, INC. d/b/a<br>   POPEYES CHICKEN & BISCUITS<br>JEFFREY BAIRD and CHRISTY BAIRD<br>CENTRAL KENTUCKY FEDERAL SAVINGS BANK<br>CITIZENS BANK OF CUMBERLAND COUNTY<br>COMMUNITY TRUST BANK, INC.<br>FULCRUM CORPORATION<br>HNW, INC.<br>ROBERT J. HASSUR and LINDA HASSUR<br>MIDPOP, LLC<br>NATIONAL CITY BANK OF KENTUCKY<br>NATIONAL CITY LEASING CORPORATION<br>US BANK, NA | DEFENDANTS |

**COMPLAINT FOR INTERIM RELIEF**

AJB Investments, LLC (the "Debtor" or "Debtor-in-Possession") by counsel, states for its Complaint against the Defendants, AFC Enterprises, Inc., d/b/a/ Popeyes Chicken & Biscuits, Jeffrey Baird and Christy Baird, Central Kentucky Federal Savings Bank, Citizens Bank of Cumberland County, Community Trust Bank, Inc., Fulcrum Corporation, HNW, Inc., Robert J. Hassur and Linda Hassur, MidPop, LLC, National City Bank of Kentucky, National City Leasing Corporation, and US Bank, NA (collectively "Defendants"), as follows:

1. This is a core proceeding under 28 U.S.C. §157(b)(2). In the event that this is determined to be a non-core proceeding, the Debtor consents to the entry of final orders or judgment by the Bankruptcy Court.

2. The Debtor is a limited liability company registered with the Kentucky Secretary of State with its management headquarters located in Danville, Kentucky. The Debtor is a member managed limited liability company and its two members are Alan J. Burns and Ronald Morris, both residents of Danville, Kentucky.

3. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 12, 2007.

4. Alan J. Burns is a managing member and eighty percent (80%) owner of the Debtor. Ronald Morris is a managing member and twenty percent (20%) owner of the Debtor. Linda Burns is the wife of Alan J. Burns and has co-guaranteed some of the commercial loan indebtedness of the Debtor. Vicki Morris is the wife of Ronald Morris and has co-guaranteed some of the commercial indebtedness of the Debtor.

5. ARW, LLC is a Kentucky limited liability company which owns and operates two Hardees convenience stores from facilities leased in Junction City (Boyle County) and Lexington (I-75 at Athens-Boonesboro exit Shell-Mart), Kentucky. Alan J. Burns is a managing member and eighty percent (80%) owner of ARW, LLC. Ronald Morris is a managing member and twenty percent (20%) owner of ARW, LLC. Messrs. Burns and Morris are actively involved in, and integral to, the day to day business of ARW, LLC and are responsible for virtually every aspect of its business. ARW, LLC is a co-guarantor, along with Alan J. Burns, Linda Burns, Ronal Morris and Vicki Morris, of indebtedness to Community Trust Bank and its loan participant, Citizens Bank of Cumberland County, in the approximate amount of $792,500.

6. Defendants Central Kentucky Federal Savings Bank, Citizens Bank of Cumberland County, Community Trust Bank, National City Bank, National City Leasing Corporation, and US Bank, NA, are each commercial lending institutions authorized to conduct business in the Commonwealth of Kentucky.

7. Defendant MidPop, LLC is a Kentucky limited liability company with its registered office at 61 South Main Street, Winchester, Kentucky, and Defendant HNW, Inc. is a Kentucky corporation with its registered office at 43 Avenue of Champions, Nicholasville, Kentucky 40356. Each said Defendant is in good standing with the Kentucky Secretary of State's Office.

8. Defendants Jeffrey Baird and Christy Baird are husband and wife and residents of the Commonwealth of Kentucky with a mailing address of P.O. Box 832, Danville, KY 40422.

9. Defendant Fulcrum Corporation may be an Ohio corporation which was registered with the Kentucky Secretary of State but is currently inactive and in bad standing. Fulcrum Corporation's last registered agent was Robert J. Hassur with a registered office of 2265 Harrodsburg Road, Suite 223, Lexington, Kentucky 40504. Defendants Robert J. Hassur and Linda Hassur are husband and wife and, upon information and belief, may now be residents of the state of Florida, but own and lease real estate in Kentucky, including the Debtor's Tiverton store and its former closed stores in Nicholasville and Somerset, Kentucky.

10. Defendant AFC Enterprises, Inc. is a Minnesota corporation doing business as Popeyes Chicken & Biscuits with its principal place of business located at 5555 Glenridge Connector, NE, Suite 300, Sandy Springs, Georgia 30342.

11. As of the Petition Date, state court collection litigation against the Debtor, Alan J. Burns and his wife, and Ron Morris and his wife, was pending by Defendants National City

3

Bank and National City Leasing Corporation in Scott Circuit Court Civil Action No. 07-CI-00004. A Motion for Summary Judgment against each of the non-Debtor defendants in that action is scheduled to be heard by the Court on May 3, 2007.

12. As of the Petition Date, state court collection litigation against the Debtor, Alan J. Burns and his wife, Ron Morris and his wife, and ARW, LLC was pending by Defendants Community Trust Bank/Citizens Bank of Cumberland County in the Boyle Circuit Court Case No. 07-CI-00031. A Motion for Summary Judgment is scheduled to be heard in that action on May 12, 2007.

13. As of the Petition Date, state court collection litigation against the Debtor, Alan J. Burns, and Ron Morris was pending by Defendant MidPop, LLC in the Clark Circuit Court Case No. 06-CI-00721 and a Partial Summary Judgment was rendered on March 20, 2007. Currently there are post-judgment discovery responses due in that action.

14. As of the Petition Date, state court collection litigation against the Debtor, Alan J. Burns and Ron Morris was pending by Defendants Jeffrey Baird and Christy Baird in the Boyle Circuit Court Case No. 07-CI-00031.

15. As of the Petition Date, state court collection litigation against the Debtor and Alan J. Burns was pending by Defendant HNW, Inc. in the Fayette Circuit Court Case No. 07-CI-00889.

16. As of the Petition Date, Defendant AFC Enterprises, Inc., doing business as Popeyes Chicken & Biscuits, had an action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 07-CV-0451 against the Debtor and Alan J. Burns. The Court has indicated that no further extensions of time to respond to the Complaint will be granted beyond the current agreed extension of June 4, 2007. The Debtor has

not filed a Notice of Abatement in said federal court action as the local rules require the retention of local counsel and a request for appearance pro hac vice in order to do so.

17. The remaining Defendants, Central Kentucky Federal Savings Bank, Fulcrum Corporation, Robert J. Hassur and Linda Hassur, and US Bank are creditors of the Debtor who have been cooperative and not filed legal actions but would certainly be entitled to do so in order to protect their right to receive pro-rata distributions from the Debtor and the applicable non-debtor guarantors.

18. Both Mr. Burns and Mr. Morris are actively involved in, and integral to, the day to day management of the Debtor and are responsible for virtually every aspect of its business. In addition, Mr. Burns is critical to the management of his other fast food entities, such as Danarb, LLC, JAR, LLC, WIT, LLC, and Crossroads Investments, LLC (collectively, "the Other Entities").  It is currently contemplated that the Debtor's plan of reorganization will be based on a sale of the Debtor's business assets, with payment of all or substantially all its secured debt thereby, and subsequent repayment of its unsecured debts through income generated by the related non-Debtor co-obligors' interests in the Other Entities. The Debtor believes that all creditors will receive a greater and equitable recovery through such a plan than if (i) each creditor attempts to collect its unsecured claims on a competitive, piecemeal basis, as the particular rights of each particular creditor may exist, from the personal assets of Mr. Burns or Mr. Morris or from their wives, or in the case of Defendant Community Trust Bank/Citizens Bank of Cumberland County, from the assets or cash flow of ARW, LLC, or (ii) forces each of the Burns and Morris' and each of the Other Entities into separate bankruptcy proceedings requiring duplicative administrative expenses to recover from the same essential pool of cash flow.

19. Both Mr. Burns and Mr. Morris derive their livelihoods from the ownership and management of fast food restaurants that they own, but which are highly leveraged, and from management of fast food restaurants that are owned by other unrelated individuals. Beyond what net cash flow is generated currently by the Other Entities, it is anticipated that Mr. Burns and Mr. Morris' expertise in fast food operational management services, which appear to be in demand, will present opportunities to yield faster, unencumbered cash flows for the Debtor's reorganization plan. Without protection from the Debtor's creditors, Mr. Burns and Mr. Morris will lose the incentive to continue to operate the Other Entities and to expand their opportunities to provide the management for non-owned stores in order to produce such new cash flows which under these circumstances are the only potential source of material repayment to the Debtor's creditors. In addition, Mr. Burns and Mr. Morris are devoting considerable time and effort on a daily basis to marketing the Debtor's two remaining operating Popeyes stores to realize their highest value while simultaneously operating the business so that all of the Debtor's creditors may benefit and a successful reorganization may be achieved.

20. Mr. Burns and Mr. Morris are each essential to the ability of the Debtor to effectively reorganize because they exclusively have the knowledge necessary for marketing and negotiating with prospective purchasers of the Debtor's assets, which is the key element of the Debtor's reorganization.

21. In particular, Mr. Burn's services and industry contacts are crucial to the ongoing administration of these bankruptcy cases. Accordingly, the Debtor must have the benefit of Mr. Burn's complete and undivided attention towards the development and implementation of a successful plan of reorganization and pending sale transaction.

22. The continuation or initiation of various collection actions of the Defendants, or any other collection efforts against Alan or Linda Burns or Ron and Vicki Morris or their respective properties and interests in other fast food franchise businesses, would adversely and detrimentally burden, impair and pressure the Debtor's operations and force the Debtor into immediate liquidation. In addition, such actions would cause the Other Entities to default on their respective debt servicing obligations to their creditors, thereby destroying and forcing the liquidation of the Other Entities.

23. Accordingly, the Debtor's estate will be irreparably harmed if Messrs. Burns and Morris are forced to divert their attention and energies from the Debtor's business to defend against the collection actions of the Defendants, including those efforts against their spouses.

24. A stay of the Defendants will not cause undue loss or inconvenience to the Defendants because their claims will be resolved by the Debtor's plan of reorganization.

25. Additionally, the Debtor is advised by respective counsel for the Burns and Morris' that they have no intention of further encumbering or disposing of any or their personal assets, so the ability of the Defendants to recover against the Burns or Morris' personally will not be diminished as a result of the granting of an injunction.

26. Enjoining the Defendants from proceeding further against the Burns, Morris' and ARW, LLC will serve the public interest in promoting successful chapter 11 reorganizations, protecting the Other Entities which are currently operating as successful going concern enterprises, and ensuring that creditors receive the maximum distribution on their claims in this bankruptcy proceeding.

WHEREFORE, the Debtor respectfully requests that the Court grant the Debtor's Motion and enter an Order enjoining each of the Defendants, their employees, officers, shareholders,

7

agents, attorneys, consultants, successors and assigns from further prosecuting or initiating any legal action or undertaking any other collection efforts against Alan J. Burns or Linda Burns, Ronald Morris or Vicki Morris, or ARW, LLC, or against any of their properties, income, or assets, absent further orders of this Court.

      Respectfully submitted,

      HENRY WATZ GARDNER SELLARS & GARDNER, PLLC

      /s/ Kathryn Warnecke Ryan, Esq.
      401 West Main Street, Suite 314
      Lexington, KY 40507
      Tel. No. (859) 253-1320
      Fax No. (859) 255-8316
      E-mail: kryan@hwgsg.com
      PROPOSED COUNSEL FOR DEBTORS AND DEBTORS-IN-POSSESSION

F:\KWR\Clients\AJB Investments\Chapter 11 Pleadings\Complaint Interim Relief Mgmt.DOC